**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **BARBARA WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 26-2463-DDC-JBW** |
| **v.** | ) | |
| | ) | |
| **RICHARD MOULIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANTS KIMBERLY BEETS, DAVID PIERCE, JENNIFER MCCONICO, BONNIE MEJEAN, CHRISTOPHER RUSSELL, ANGELA THOMAS, NICOLE GERKEN AND RICHARD MOULIN**

**COME NOW** Defendants Kimberly Beets, David Pierce, Jennifer McConico, Bonnie Mejean, Christopher Russell, Angela Thomas, Nicole Gerken and Richard Moulin ("Defendants") by and through their attorneys, McAnany, Van Cleave & Phillips, P.A. and for their answer to Plaintiff's Complaint (ECF No. 1), state as follows:

1. With respect to the allegations set forth in Section I Paragraphs A-C of Plaintiff's Complaint (ECF No. 1) wherein she purports to state the parties against whom she is asserting claims in this lawsuit, these allegations do not call for an admission or denial and Defendants expressly deny that Plaintiff has any viable claims against any of them.

2. With respect to the allegations set forth in Section II Paragraphs A-B of Plaintiff's Complaint (ECF No. 1) pertaining to jurisdiction, Plaintiff's assertion of jurisdiction based on her statement that "This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)" does not lend itself to an admission or denial and Defendants deny that Plaintiff has alleged facts sufficient to support federal court jurisdiction over her claims.

3. With respect to the allegations set forth in Section III of Plaintiff's Complaint (ECF

No. 1) purporting to state her claims, Defendants admit that Plaintiff was terminated from her employment by public vote by the board of education as required by Kansas law, but expressly deny that Plaintiff was terminated for engaging in any freedom of speech protected under the U.S. Constitution.

4. With respect to the allegations set forth in Section IV of Plaintiff's Complaint (ECF No. 1) purporting to state her claim for relief, Defendants deny that Plaintiff has suffered any loss entitling her to financial compensation.

5. With respect to the allegations set forth in Section V of Plaintiff's Complaint (ECF No. 1), Defendants admit that no wrongs alleged in her Complaint (ECF No. 1), which are denied to have occurred at all, are continuing to occur.

6. With respect to the allegations set forth in Section VI of Plaintiff's Complaint (ECF No. 1), Defendants deny that Plaintiff has suffered any damages.

7. With respect to the allegations set forth in Section VII of Plaintiff's Complaint (ECF No. 1), Defendants deny that Plaintiff is entitled to any award of punitive damages and expressly denies the handwritten allegations included in this section.

8. With respect to the allegations set forth in Section VIII of Plaintiff's Complaint (ECF No. 1), Defendant admits that Plaintiff has not presented her claims through any type of Administrative Procedure within any governmental agency prior to filing suit.

9. With respect to the allegations set forth in Section IX of Plaintiff's Complaint (ECF No. 1), Defendants are not aware of any prior litigation.

10. Defendants deny that their conduct has caused Plaintiff any damages.

11. Defendants deny the nature and extent of Plaintiff's claimed injuries.

12. Defendants deny that Plaintiff is entitled to any of the damages or relief requested

in the *ad damnum* clause on page 5 of Plaintiff's Complaint (ECF No. 1).

13. Plaintiff's demand for a jury trial contained on page 7 of her Complaint (ECF No. 1) does not lend itself to either admission or denial. Defendants deny that Plaintiff is entitled to a jury trial on some or all of her claims.

14. Defendants deny the allegations set forth in the headings throughout Plaintiff's Complaint (ECF No. 1).

15. Defendants deny each and every allegation, including portions thereof, contained within Plaintiff's Complaint (ECF No. 1) which has not been specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint (ECF No. 1), or parts thereof, fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to pursue some or all of her claims thereby depriving the Court of subject matter jurisdiction to consider the same.

3. Plaintiff's claims are barred, in whole or in part, by qualified immunity.

4, Defendants have no *respondeat superior* liability for the acts or omissions of any other individual or entity and are not subject to vicarious liability under § 1983.

5. Plaintiff's rights under the First Amendment as a public education teacher are limited when she is acting in the course and scope of her employment.

6. Any policies, rules, decisions or actions were reasonable and did not foreclose Plaintiff's rights under the First Amendment to the U.S. Constitution.

7. Any policies or rules were based on a compelling interest of Defendants.

8. Defendants have, at all times, acted in good faith, without fraud, malice or unlawful intent, and all actions of Defendants were taken for legitimate non-retaliatory reasons in the

exercise of business judgment and discretion, and, assuming *arguendo* that her engagement in protected activities under First Amendment was considered, which is denied, would have still been taken based on those other factors.

9. Plaintiff's claim for declaratory or other equitable relief is improper where Plaintiff is seeking actual damages or has an adequate remedy at law.

10. Plaintiff has failed to properly mitigate her damages, if any.

11. The damages sought by Plaintiff are based on pure speculation and are therefore not recoverable against Defendants.

12. Defendants, at all times, acted rationally, reasonably and in good faith, without fraud, malice or improper intent, and for legitimate reasons.

13. Plaintiff's claims for punitive damages against the individual Defendants are barred or limited in whole or in part because Plaintiff has not alleged egregious conduct necessary for punitive damages under the statutes cited.

14. Plaintiff's claims for punitive damages are disproportionate to the injuries suffered, if any, and violate the excessive fines clause of the Eighth Amendment and due process clause of the Fourteenth Amendment to the U.S. Constitution.

15. Plaintiff's claims for punitive damages are limited to the extent they violate Defendants' constitutional rights under Article I, Section 8 and the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

16. This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including reasonable attorneys' fees, incurred in defending this action.

17. Defendants reserve the right to assert any further defenses which may become

apparent during the course of discovery

**WHEREFORE**, Defendants respectfully requests that judgment be entered in their favor and against Plaintiff and that they be awarded its costs, including reasonable attorneys' fees, incurred in defending this action and such other relief as deemed fair, just and equitable.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas 66103
Telephone: (913) 371-3838
Facsimile: (913) 371-4722
E-mail: ggoheen@mvplaw.com

By: /s/ Gregory P. Goheen
Gregory P. Goheen #16291

Attorneys for Defendants Kimberly Beets, David Pierce, Jennifer McConico, Bonnie Mejean, Christopher Russell, Angela Thomas, Nicole Gerken and Richard Moulin

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to:

Barbara Williams
15699 Kansas Avenue
Basehor, KS 66007
Plaintiff, *pro se*

/s/ Gregory P. Goheen