**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BARBARA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-02463-DDC-JBW |
| | ) | |
| RICHARD MOULIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Barbara Williams, through counsel, submits this Memorandum in Support of her Motion for Leave to File First Amended Complaint.

**BACKGROUND**

1. On August 5, 2026, Ms. Williams, proceeding pro se, filed this action using the Court's form civil complaint. ECF No. 1. She alleged that she was fired from her position as a paraprofessional with Unified School District No. 204 ("the District") after she told a visiting state legislator that "trans rights are human rights" and that she opposed diverting taxpayer money to private schools. *Id.* She named as defendants the District's superintendent, Richard Moulin, and seven members of the District's Board of Education: Kimberly Beets, David Pierce, Jennifer McConico, Bonnie Mejean, Christopher Russell, Angela Thomas, and Nicole Gerken ("the Board Member Defendants"). *Id.* She alleged that the Board members "had the final approval over the superintendent's decision to fire [her]." *Id.*

2. Ms. Williams prepared the original Complaint without the assistance of counsel. The form provides limited space to describe the facts and the legal basis for a claim, and the original Complaint did not name the District, which employed and terminated Ms. Williams, as a defendant. *See id.*

3. On September 11, 2026, Defendants answered the Complaint. ECF No. 6.

4. Ms. Williams has since retained counsel. Maxwell E. Kautsch of Kautsch Law, L.L.C. entered his appearance on November 10, 2026. ECF No. 9. On November 13, 2026, the Court granted Ms. Williams' motions for pro hac vice admission of Amitai Heller and Alexandria Huiskens of the American Humanist Association under D. Kan. Rule 83.5.4. ECF No. 18 (granting ECF Nos. 12, 15).

5. On November 10, 2026, the Court granted Ms. Williams' unopposed motion to extend the Rule 26(f) planning conference, initial disclosures, and proposed scheduling order deadlines and to continue the scheduling conference. ECF No. 11 (granting ECF No. 10). The Court extended the Rule 26(f) planning conference deadline to December 28, 2026, extended the deadline for initial disclosures and the proposed scheduling order to January 15, 2027, and continued the scheduling conference to January 26, 2027. *Id.* In seeking that extension, Ms. Williams advised the Court that she intended to move for leave to amend by November 24, 2026. ECF No. 10 ¶ 6. No scheduling order has been entered, discovery has not begun, and no deadline for amending the pleadings has been set.

6. The proposed First Amended Complaint is attached as Exhibit A to the motion, and a redlined version is attached as Exhibit B.[1] The proposed amendment (1) restates Ms. Williams' factual allegations through counsel; (2) adds the District as a defendant; (3) drops the Board Member Defendants as parties; (4) asserts the First Amendment free speech retaliation claim under 42 U.S.C. § 1983 against the District and against Defendant Moulin in his individual capacity

[1] Because Ms. Williams filed her original Complaint by hand on the Court's form, a computer-generated comparison cannot show line-by-line changes. Exhibit B is therefore a transcription of the original Complaint (ECF No. 1). Because the First Amended Complaint replaces the text of the original Complaint in its entirety, deleted text appears in strikethrough, and text that appears unchanged in the First Amended Complaint is unmarked. All new text appears in the First Amended Complaint attached as Exhibit A. Personal addresses and contact information have been omitted from the transcription.

(Count I); (5) adds a claim for retaliation in violation of the First Amendment right to petition the government (Count II); and (6) adds a claim for deprivation of property without due process of law in violation of the Fourteenth Amendment (Count III).

## ARGUMENT

### A. Legal Standard

After the time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be freely given in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The "most important" factor is "whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Prejudice typically arises "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* at 1208.

When an amendment adds or drops parties, the Court also considers Rules 20 and 21. Rule 20(a)(2) permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

### B. Leave to Amend Should Be Granted

Each *Foman* factor favors amendment.

First, Ms. Williams has not unduly delayed in seeking leave to amend. This is Ms. Williams' first request to amend. She filed her original Complaint without a lawyer, using the Court's form, and she moves to amend promptly after retaining counsel, on the timeline she identified to the Court. No scheduling order has been entered, and no deadline for amending the pleadings has passed. Amending a pro se complaint once counsel has appeared, so that the plaintiff's claims are fully stated and asserted against the proper parties, serves the purpose of Rule 15: "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Second, and most important under *Minter*, the amendment will not prejudice Defendants. The amendment does not change the subject matter of the case. The First Amended Complaint arises from the same events alleged in the original Complaint: Ms. Williams' statements to a state legislator on March 6, 2026, Defendant Moulin's suspension of her without pay that day, and her termination days later. Discovery has not begun, the parties' Rule 26(f) planning conference is not due until December 28, 2026, and the scheduling conference is not until January 26, 2027. ECF No. 11. The two new claims arise from those same events and raise no new subject matter: Count II challenges the same suspension and termination as retaliation for petitioning the same legislator, and Count III challenges the District's suspension of Ms. Williams without pay and the retroactive termination that followed. The amendment also narrows the case by dropping seven individual defendants.

Third, Ms. Williams does not seek leave to amend in bad faith or for any dilatory purpose. Ms. Williams seeks to amend so that her claims, originally pleaded pro se, are stated clearly and against the proper parties.

Finally, the amendment is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). The First Amended Complaint pleads each element of a First Amendment retaliation claim under the five-step *Garcetti/Pickering* analysis. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1202 (10th Cir. 2007). Count II pleads the same elements under the Petition Clause, which is analyzed under the same framework. *See Borough of Duryea v. Guarnieri*, 564 U.S. 379, 398–99 (2011). And Count III pleads each element of a procedural due process claim: a property interest created by the District's own Board policy, a deprivation of that interest, and the absence of the notice and opportunity to respond that the policy requires.

### C. Adding the District and Dropping the Board Member Defendants Is Proper

Joinder of the District satisfies Rule 20(a)(2). Ms. Williams' claims against the District and Defendant Moulin arise from the same series of occurrences, her suspension and termination, and present common questions of law and fact, including whether her speech was protected and whether it motivated the adverse actions. The District is the entity that employed and terminated Ms. Williams, and its superintendent and Board members are already parties to this action.

Dropping the Board Member Defendants is proper under Rule 21. Removing those defendants simplifies the case and prejudices no one. Ms. Williams asks that the claims against the Board Member Defendants be dismissed without prejudice.

## CONCLUSION

For these reasons, Ms. Williams respectfully requests that the Court grant her leave to file the First Amended Complaint attached as Exhibit A and dismiss without prejudice the claims

against Defendants Kimberly Beets, David Pierce, Jennifer McConico, Bonnie Mejean, Christopher Russell, Angela Thomas, and Nicole Gerken.

Dated: November 24, 2026

Respectfully submitted,

/s/ Maxwell E. Kautsch
Kautsch Law, L.L.C.
Maxwell E. Kautsch, #21255
810 Pennsylvania St., Ste. 207
Lawrence, KS 66044
(785) 840-0077
fax (785) 842-3039
maxk@kautschlaw.com

/s/ Alexandria Huiskens
*Pro hac vice*
/s/ Amitai Heller
*Pro hac vice*
American Humanist Association
1821 Jefferson Place NW
Washington, DC 20036
ahuiskens@americanhumanist.org
aheller@americanhumanist.org

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to Gregory P. Goheen, McAnany, Van Cleave & Phillips, P.A., 10 E. Cambridge Circle Drive, Suite 300, Kansas City, Kansas 66103, ggoheen@mvplaw.com, counsel for Defendants.

/s/ Maxwell E. Kautsch